## Town of Exeter *v.* Town of West Greenwich.

Under the act of Rhode Island, of 1748, it is not more certain that the set-
tlement of the wife follows that of the husband, without regard to the
place of her birth, than the settlement of a child follows that of the
father, without regard to the place of birth.

The opinion in this case was as follows:

By Durfee, J.   This was an appeal from an order
made by the latter town, removing Mary Ann Hill, and Eliza-
beth, her daughter, to Exeter.   The facts agreed, were, that
Nathan Hill, father of Arthur Hill, husband of the pauper, was
settled in Exeter.   Arthur Hill was born in East Greenwich,
in lawful wedlock, and was lawfully married to the pauper,
Mary Ann Hill.   Arthur was born in 1783, and acquired no
settlement.   It is contended, on the part of Exeter, that
under the statute of 1748, which remained for substance
the same till 1798, birth gave a settlement, and that Ar-
thur, husband of the pauper, being born in East Green-
wich, the pauper is there settled.   The place of birth
was undoubtedly *prima facie* the place of settlement " until
another is found out," says Burn, 3, 357.   But, says
the same writer, (3, 367,) " Legitimate children are settled
where their parents are settled ;" and Salk. 427, " a legiti-
mate child is settled where the father is settled, and not where
born."   So fully was the truth of this doctrine impressed on
the mind of the counsel in this case, that it was not even in-
timated where the paupers were born.   And yet it is not

Town of Exeter *v.* Town of West Greenwich.

more certain that, under the act of 1748, the settlement of the wife followed that of the husband, without regard to the place of her birth, than that of the settlement of the child followed that of the father, without regard to the place of *his* birth, and for reasons quite as cogent, and which are suggested in the case of *Exeter* v. *Warwick,* (the preceding case.)

*Order confirmed.*